UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN DEMMENT ROYAL,<br><br>   Petitioner,<br><br> v.<br><br>CRAIG KOENIG,<br><br>   Respondent. | Case No. 21-cv-01388-VC  (PR)<br><br>**ORDER DISMISSNG ONE CLAIM WITH PREJUDICE AND ISSUING ORDER TO SHOW CAUSE ON ONE CLAIM** |

  Martin Demment Royal is a state prisoner filing a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the state courts' denial of his petition for resentencing under California Penal Code section 1170.91. He has paid the $5.00 filing fee.

  Royal asserts two claims: (1) the trial court was biased toward him because he had been convicted of sexual offenses; and (2) he made a sufficient showing for qualifying for resentencing under section 1170.91.

  Royal's claim based on California Penal Code section 1170.91 must be dismissed because it is a state law claim over which this court has no jurisdiction. *See* 28 U.S.C. § 2254(a) (federal habeas corpus is limited to deciding whether conviction violates the Constitution, laws, or treaties of the United States); *see also Estelle v. McGuire*, 502 U.S. 62-67-68 (1991) (federal habeas relief not available for errors of state law).

  His allegation of judicial bias rises to the level of a cognizable federal constitutional claim. *See Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

  The court issues the following orders:

  1.  Claim two is dismissed. Dismissal is with prejudice because amendment would

be futile.

2.	The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Royal.

3.	No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Royal an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued on the judicial bias claim. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Royal wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

4.	No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Royal a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Royal shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Royal a reply within fourteen days of receipt of an opposition.

5.	It is Royal's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: May 28, 2021

VINCE CHHABRIA
United States District Judge